*[handwritten: no parties added / summons issued]*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

*[handwritten: Lead 7:06 cv 5612 (SCR)]*

ENCOMPASS INDEMNITY COMPANY     :
as Subrogee of Paul and Audrey Grillo     :

    :     CIVIL ACTION NO. 7:07CV92 *[handwritten: Member]*

           Plaintiff,     :

v.     :

    :     JURY TRIAL DEMANDED

MAYTAG CORPORATION     :
           and     :
HOME DELIVERY AMERICA.COM, INC.     :
           and     :
L.H. TRUCKING, INC.     :
4001 LIBERTY AVENUE     :
BERGEN, NJ 07047     :
           and     :
LEONARDO HERNANDEZ     :
4001 LIBERTY AVENUE     :
BERGEN, NJ 07047     :
    :
           Defendants.     :
_____ :

## SECOND AMENDED COMPLAINT OF ENCOMPASS INDEMNITY COMPANY

Plaintiff, Encompass Indemnity Company, by and through its attorneys, Cozen O'Connor, as and for its Second Complaint, respectfully alleges:

1.     Plaintiff, Encompass Indemnity Company has obtained written consent from defendant's Maytag Corporation and Home Delivery America.Com, Inc. to file this Amended Complaint pursuant to Rule 15(a).  (See Exhibits "A" and "B").

2.     Plaintiff, Encompass Indemnity Company, is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business located at 3075 Sanders Road, Suite G2H, Northbrook, Illinois.  Encompass was at all times material hereto an insurance company licensed to do business and issue policies of property insurance in the State of New York.

3.      Defendant, Maytag Corporation, is a corporation organized and existing under the laws of the state of Iowa with its principal place of business located at 403 West 4th Street, Newton, IA 50208, and at all times material hereto, regularly and systematically engaged in the business of manufacturing, assembling, distributing, and selling household appliances, including clothes dryers in this judicial district.

4.      Defendant, Home Delivery America, Com, Inc., is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 200 Seaview Drive, Secaucus, NJ and at all times material hereto, regularly and systematically engaged in the business of delivering, installing and assembling household appliance, including clothes dryers in this judicial district.

5.      Home Delivery America, Com, Inc. maintains a registered agent in New York at 30B Post Road, Colonie, NY 12205.

6.      Defendant L.H. Trucking, Inc. is a New Jersey Corporation licensed to do business in the state of New York and at all times material hereto maintained a principal place of business located at 4001 Liberty Avenue, Bergen New Jersey 07047 and was engaged in the business of delivering and installing appliances, including, but not limited to the dryer at issue in this case.

7.      Upon information and belief, Defendant Leonardo Hernandez is a resident of the state of New Jersey residing at 4001 Liberty Avenue, Bergen New Jersey and at all times material hereto was engaged in the business of delivering and installing appliances including, but not limited to, the dryer at issue in this case.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as plaintiff and defendants are citizens of different states and/or foreign states and the amount in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000.00).

9.     Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the acts and/or omissions giving rise to the claims asserted in this action occurred in this district.

## GENERAL ALLEGATIONS

10.     At all times material hereto, Plaintiff's insureds, Paul and Audrey Grillo, resided at 114 Coachlight Square, Building No. 3, Montrose, New York 10548 (hereinafter "The Premises").

11.     At all times material hereto, Encompass Indemnity Company insured The Premises and personal property of Paul and Audrey Grillo located at The Premises.

12.     On March 26, 2005, Paul and Audrey Grillo purchased a new electric Maytag dryer from the Home Depot located at 3131 E. Main Street, Mohegan Lake, New York 10547.

13.     On or before April 2, 2005 Home Delivery America, Com, Inc. installed the Maytag electric dryer in The Premises by and through its subcontractor(s) L.H. Trucking and/or Leonardo Hernandez.

14.     On April 2, 2005 the electric dryer caught fire causing substantial damage and destruction to The Premises and the personal property of Paul and Audrey Grillo.

15.     As a direct and proximate result of the fire described in the foregoing paragraph, Plaintiff's insureds suffered property damage valued in excess of $149,000.00.

16.     Following the fire, Paul and Audrey Grillo made a claim to their property insurance company, Encompass Indemnity Company.

17.     Pursuant to the policy of insurance issued by Plaintiff, Encompass Indemnity Company, to its insureds, Paul and Audrey Grillo, Plaintiff reimbursed its insureds for the fair and reasonable value of the property damaged as a result of the fire.

18.     By virtue of the aforesaid payment, and pursuant to the terms of the subject insurance policy, Encompass Indemnity Company is legally, contractually and equitably subrogated to the extent of its payments to its insureds and is entitled to recover the same amount from the defendant named in this action.

## COUNT I – STRICT PRODUCTS LIABILITY v. MAYTAG

19.     Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

20.     The subject fire and resulting damage sustained by Plaintiff was caused by the actions and inactions of the Defendant, Maytag Corporation, for which it is strictly liable in:

    (a)     designing, manufacturing, distributing and/or selling the failed electric clothes dryer in a defective and/or unreasonably dangerous condition;

    (b)     failing to warn consumers of the defect(s) in the electric clothes dryer when the Defendant knew, or should have known of the defect(s) and that they constituted a danger.

4

21.     As a direct and proximate result of the aforesaid conduct of the Defendant, Maytag Corporation, The Premises and personal property of Plaintiff's insureds sustained significant damage and destruction, the fair and reasonable value of which is in excess of $149,000.00, or as nearly as the same can now be estimated.

22.     Pursuant to the policy of insurance issued by Plaintiff, Encompass Indemnity Company, to its insureds, Paul and Audrey Grillo, Plaintiff reimbursed its insureds for the fair and reasonable value of the property damaged by the fire.

23.     By virtue of the aforesaid payment, and pursuant to the terms of the aforesaid insurance policy, Encompass Indemnity Company is legally, contractually and equitably subrogated to the extent of its payments to its insureds and is entitled to recover the same amount from the Defendants named in this action.

WHEREFORE, Plaintiff, Encompass Indemnity Company, demands judgment against the Defendant, Maytag Corporation, in an amount in excess of $149,000.00, together with interest, the costs of this action and any further relief that this Court believes is just and proper.

## COUNT II – BREACH OF WARRANTY v. MAYTAG

24.     Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

25.     Defendant, Maytag Corporation, expressly and impliedly warranted that its electric clothes dryer was merchantable and fit for its intended purpose.

26.     Defendant, Maytag Corporation, expressly warranted that its clothes dryer would operate without interruption for a period longer than the electric clothes dryer was in service.

27. Defendant, Maytag Corporation, breached its expressed and implied warranties by failing to design and manufacturer an electric clothes dryer with adequate warnings so as to warn all foreseeable consumers of known and dangerous defects in the electric clothes dryer it manufactured and placed into the stream of commerce.

28. Defendant, Maytag Corporation, breached its express and implied warranties.

29. As a direct and proximate result of the aforesaid conduct of the Defendant, Maytag Corporation, The Premises and personal property of Plaintiff's insureds sustained significant damage and destruction the fair and reasonable value of which is in excess of $149,000.00 or is nearly as the same can now be estimated.

30. Pursuant to the policy of insurance issued by Plaintiff, Encompass Indemnity Company, to its insureds, Audrey and Paul Grillo, Plaintiff reimbursed its insureds in an amount in excess of $149,000.00 as a result of the fire.

31. By virtue of the aforesaid payment, and pursuant to the terms of the subject insurance policy, Encompass Indemnity Company is legally, contractually and equitably subrogated to the extent of its payments to its insureds and is entitled to recover the same amount from the Defendant named in this action.

WHEREFORE, Plaintiff, Encompass Indemnity Company, demands judgment against the Defendant, Maytag Corporation, in an amount in excess of $149,000.00, together with interest, the costs of this action and any further relief that this Court believes is just and proper.

## COUNT III – NEGLIGENCE v. HOME DELIVERY AMERICA, COM, INC.

32. Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

6

33.     The fire and resulting damage to the real and personal property of Plaintiff's insureds was caused by the negligence, carelessness and/or reckless acts and/or omissions of the Defendant in failing to exercise reasonable care in the installation and assembly of the subject clothes dryer, including its electric cord and other and further acts or omissions that may be revealed during the course of discovery.

34.     As a direct and proximate result of the Defendant's negligence, carelessness and/or reckless acts and/or omissions, a fire occurred in The Premises of Paul and Audrey Grillo causing substantial damage to their real and personal property in an amount in excess of $149,000.00.

35.     Pursuant to the policy of insurance issued by Plaintiff, Encompass Indemnity Company, to its insureds, Paul and Audrey Grillo, Plaintiff reimbursed its insureds for the fair and reasonable value of the property damaged as a result of the fire.

36.     By virtue of the aforesaid payment, and pursuant to the terms of the subject insurance policy, Encompass Indemnity Company is now legally, contractually and equitably subrogated to the extent of its payments to its insureds and is entitled to recover the same amount from the defendants named in this action.

WHEREFORE, Plaintiff, Encompass Indemnity Company, demands judgment against the Defendant, Home Delivery America Com, Inc., in an amount in excess of $149,000.00, together with interest, the costs of this action and any further relief that this Court deems just and proper.

7

## COUNT IV – NEGLIGENCE v. LH TRUCKING.

37.     Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

38.     The fire and resulting damage to the real and personal property of Plaintiff's insureds was caused by the negligence, carelessness and/or reckless acts and/or omissions of the Defendant in failing to exercise reasonable care in the installation and assembly of the subject clothes dryer, including its electric cord and other and further acts or omissions that may be revealed during the course of discovery.

39.     As a direct and proximate result of the Defendant's negligence, carelessness and/or reckless acts and/or omissions, a fire occurred in The Premises of Paul and Audrey Grillo causing substantial damage to their real and personal property in an amount in excess of $149,000.00.

40.     Pursuant to the policy of insurance issued by Plaintiff, Encompass Indemnity Company, to its insureds, Paul and Audrey Grillo, Plaintiff reimbursed its insureds for the fair and reasonable value of the property damaged as a result of the fire.

41.     By virtue of the aforesaid payment, and pursuant to the terms of the subject insurance policy, Encompass Indemnity Company is now legally, contractually and equitably subrogated to the extent of its payments to its insureds and is entitled to recover the same amount from the defendants named in this action.

WHEREFORE, Plaintiff, Encompass Indemnity Company, demands judgment against the Defendant, LH Trucking, in an amount in excess of $149,000.00, together with interest, the costs of this action and any further relief that this Court deems just and proper.

### COUNT III – NEGLIGENCE v. LEONARDO HERNANDEZ

42.     Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

43.     The fire and resulting damage to the real and personal property of Plaintiff's insureds was caused by the negligence, carelessness and/or reckless acts and/or omissions of the Defendant in failing to exercise reasonable care in the installation and assembly of the subject clothes dryer, including its electric cord and other and further acts or omissions that may be revealed during the course of discovery.

44.     As a direct and proximate result of the Defendant's negligence, carelessness and/or reckless acts and/or omissions, a fire occurred in The Premises of Paul and Audrey Grillo causing substantial damage to their real and personal property in an amount in excess of $149,000.00.

45.     Pursuant to the policy of insurance issued by Plaintiff, Encompass Indemnity Company, to its insureds, Paul and Audrey Grillo, Plaintiff reimbursed its insureds for the fair and reasonable value of the property damaged as a result of the fire.

46.     By virtue of the aforesaid payment, and pursuant to the terms of the subject insurance policy, Encompass Indemnity Company is now legally, contractually and equitably subrogated to the extent of its payments to its insureds and is entitled to recover the same amount from the defendants named in this action.

WHEREFORE, Plaintiff, Encompass Indemnity Company, demands judgment against the Defendant, Leonardo Hernandez, in an amount in excess of $149,000.00, together with interest, the costs of this action and any further relief that this Court deems just and proper.

COZEN O'CONNOR

By:_____
GUY A. BELL, ESQUIRE
Cozen O'Connor
45 Broadway Atrium, Suite 1600
New York, NY  10006
Attorneys for Plaintiff

**OF COUNSEL:**

Lawrence F. Walker, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
(215) 665-6920

Dated: New York, New York
        July 27, 2007

PHILADELPHIA\3236141\1  167599.000

10

Exhibit A

**Bell, Guy A.**

---

**From:**    Walker, Lawrence F.
**Sent:**    Thursday, June 28, 2007 4:54 PM
**To:**      Bell, Guy A.
**Subject:** FW: Encompass Indemnity v. Maytag et al.

---

**From:** DeMicco, Thomas [mailto:Thomas.DeMicco@wilsonelser.com]
**Sent:** Thursday, June 28, 2007 11:56 AM
**To:** Walker, Lawrence F.; curciolaw@frontiernet.net
**Cc:** O'Brien, Michael; Natalie Lefkowitz; curciolaw@frontiernet.net; jcasey@hiscockbarclay.com
**Subject:** RE: Encompass Indemnity v. Maytag et al.

Larry:

   I hereby consent on behalf of Maytag, to your request to amend your complaint to name L&H trucking Inc. as a defendant to the main action by stipulation. Please send me a stipulation to sign.

Thanks


Thomas M. DeMicco
Associate
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
3 Gannett Drive
White Plains, NY 10604-3407
Tel: (914) 323-7000 x4244
Fax: (914) 323-7001

---

**From:** Walker, Lawrence F. [mailto:LWalker@cozen.com]
**Sent:** Thursday, June 28, 2007 10:42 AM
**To:** DeMicco, Thomas; curciolaw@frontiernet.net
**Subject:** Encompass Indemnity v. Maytag et al.

Gentlemen,

I would like to file an amended complaint naming LH trucking and Leo Hernandez as additional defendants in my action. Can I please have your written consent to filing the amended Complaint without the need for a motion.

Larry Walker

Lawrence F. Walker, Esquire
Cozen O'Connor Attorneys
1900 Market Street
Philadelphia, Pa. 19103


6/28/2007

Phone- 215-665-6920

Fax   215-701-2120

Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This communication was not intended or written to be used,
and it cannot be used by any taxpayer, for the purpose of
avoiding tax penalties. (The foregoing legend has been
affixed pursuant to U.S. Treasury Regulations governing tax practice.)

*****************************************************************

CONFIDENTIALITY NOTICE: This electronic message is
intended to be viewed only by the individual or entity to
whom it is addressed. It may contain information that is
privileged, confidential and exempt from disclosure under
applicable law. Any dissemination, distribution or
copying of this communication is strictly prohibited
without our prior permission. If the reader of this
message is not the intended recipient, or the employee or
agent responsible for delivering the message to the
intended recipient, or if you have received this
communication in error, please notify us immediately by
return e-mail and delete the original message and any
copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz,
Edelman & Dicker LLP, please see our website at
www.wilsonelser.com or refer to any of our offices. Thank
you.

6/28/2007

Exhibit B

## Bell, Guy A.

| | |
|---|---|
| **From:** | Walker, Lawrence F. |
| **Sent:** | Thursday, June 28, 2007 4:55 PM |
| **To:** | Bell, Guy A. |
| **Subject:** | FW: Encompass Indemnity v. Maytag et al. |

---

**From:** The Law Offices of Craig P. Curcio [mailto:curciolaw@frontiernet.net]
**Sent:** Thursday, June 28, 2007 12:43 PM
**To:** Walker, Lawrence F.
**Subject:** Re: Encompass Indemnity v. Maytag et al.

Larry:

You have my consent, on behalf of my client, Home Delivery America.com, to amend the pleadings to assert a direct cause of action against the third-party defendant.

If you need anything else, please call.

Craig Curcio

----- Original Message -----
**From:** Walker, Lawrence F.
**To:** DeMicco, Thomas ; curciolaw@frontiernet.net
**Sent:** Thursday, June 28, 2007 10:41 AM
**Subject:** Encompass Indemnity v. Maytag et al.

Gentlemen,

I would like to file an amended complaint naming LH trucking and Leo Hernandez as additional defendants in my action. Can I please have your written consent to filing the amended Complaint without the need for a motion.

Larry Walker

Lawrence F. Walker, Esquire
Cozen O'Connor Attorneys
1900 Market Street
Philadelphia, Pa. 19103
Phone- 215-665-6920
Fax   215-701-2120

---

Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail

and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

6/28/2007

## CERTIFICATE OF SERVICE

I, Caterina De Silvio, hereby certify that a copy of the foregoing Second Amended Complaint of Encompass Indemnity Company has been served upon the defendants by first class mail this 1st day of August, 2007, as follows:

Thomas M. DeMicco, Esquire
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
3 Gannett Drive
White Plains, New York  10604-3407

Craig P. Curcio, Esquire
LAW OFFICES OF  CRAIG  P. CURCIO
One Edgewater Drive
Middletown, New York   10940

Caterina De Silvio

Sworn to before me this
1st day of August, 2007.

Notary Public

ROBERT W. PHELAN, ATTORNEY-AT-LAW
Notary Public, State of New York
Qualified in New York County
No. 02PH6073192
Commission Expires April 15, 20